20-1569
*Williams v. Galligan*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of February, two thousand twenty-one.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> JOSÉ A. CABRANES,
> GERARD E. LYNCH,
> *Circuit Judges*.

_____

ROCK WILLIAMS,

> *Plaintiff-Appellee*,

KRISTIN NORTON,

> *Plaintiff-Counter-Defendant-Appellee*,

                    v.                                              20-1569

MATTHEW B. GALLIGAN, Town Manager,

> *Defendant-Counter-Claimant-Appellant*,

TOWN OF SOUTH WINDSOR,

> *Defendant-Counter-Claimaint-3rd Party Plaintiff*,

1

KEITH YAGALOFF,

*Defendant-Counter-Claimant*,

THOMAS DELNICKI, MICHELE R. LIPE, Director of Planning,
PAMELA OLIVA, Zoning Enforcement Officer, DR. M. SAUD ANWAR,
BILLY MITCHELL, AKA WILLIAM MITCHELL, ENVIRONMENTAL
SERVICES, INC., JOHN DOES 1–10,

*Defendants*.

_____

| | |
|---|---|
| For Defendant-Appellant: | KATHERINE E. RULE (Thomas R. Gerarde *on the brief*), Howd & Ludorf, LLC, Hartford, CT |
| For Plaintiff-Appellee: | EDWARD C. TAIMAN, JR., Sabia Taiman, LLC, Hartford, CT |

Appeal from an order of the United States District Court for the District of Connecticut (Bolden, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **REVERSED** in part, and the case is **REMANDED** with instructions to enter summary judgment for Defendant Matthew Galligan.

Defendant Matthew Galligan ("Galligan") appeals from a March 6, 2020 order of the district court denying in part and granting in part Defendants' motion for summary judgment. Plaintiffs Rock Williams and Kristin Norton (together, "Plaintiffs") assert that Galligan (as well as other defendants not involved in this appeal) violated their Fourth Amendment rights by entering their residential property without a warrant in order to remove items in the backyard that they had recovered from foreclosed properties and were keeping for sale. Galligan contends that Plaintiffs were operating a junkyard that posed an immediate danger to the community and that, accepting Plaintiffs' version of the facts, he is entitled to qualified immunity. Appellant's Br. at 32–33. The district court held that summary judgment was inappropriate because there are genuine

issues of fact material to the qualified immunity determination that must be resolved by a jury. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

*   *   *

"State executive officials 'are entitled to qualified immunity under § 1983 unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time.'" *Simon v. City of N.Y.*, 893 F.3d 83, 92 (2d Cir. 2018) (quoting *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018)). "A right is clearly established when its 'contours . . . are sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" *Id.* (alteration in original) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)). Galligan contends that the undisputed facts entitle him to qualified immunity because a reasonable official could have believed that warrantless entry onto Plaintiffs' property was permissible to address an immediate hazard created by Plaintiffs' use of their property for commercial purposes. *See Anobile v. Pelligrino*, 303 F.3d 107, 120 (2d Cir. 2002) (noting that the Supreme Court and this Court have "permitted warrantless administrative searches of a person's residence [when] exigent circumstances exist [or] business was conducted in the home"). For the reasons that follow, we agree.

Galligan argues that Plaintiffs' backyard storage of material recovered from foreclosed properties for later sale at flea markets, auctions, and the like created dangerous conditions such that a reasonable official could have concluded that his actions were justified based, in turn, on the exigent circumstances exception, the community caretaking exception and, also significant, the "Immediate Action" provision of the Town of South Windsor's anti-blight ordinance. We have previously said that the "enforcement of a presumptively valid statute creates a heavy presumption

in favor of qualified immunity." *Connecticut ex rel. Blumenthal v. Crotty*, 346 F.3d 84, 104 (2d Cir. 2003). To be sure, this presumption can be overcome where a law is "plainly unconstitutional" or an enforcement action is "clearly unlawful." *Id.* This standard, however, is not met on the undisputed facts here.

South Windsor's anti-blight ordinance authorized Galligan to take immediate action in the face of conditions representing "an immediate danger . . . to [the] health, safety or welfare of the residents of the town." J. App'x at 480. This authority is akin to the exception to the warrant requirement that allows officials to enter without warrant, even on residential property, where "the facts, as they appeared at the moment of entry, would lead a reasonable, experienced officer to believe that there was an urgent need to render aid or take action." *United States v. Caraballo*, 831 F.3d 95, 102 (2d Cir. 2016) (quoting *United States v. Klump*, 536 F.3d 113, 117–18 (2d Cir. 2008)). We express no opinion on the constitutionality of South Windsor's "Immediate Action" ordinance but, because it resembles the well-established exigent exception to the warrant requirement described in *Caraballo*, we cannot say that any reasonable official would have realized that this ordinance is plainly unconstitutional.

Nor can we say that Galligan's enforcement action was clearly unlawful. The undisputed facts of this case demonstrate that Plaintiffs kept a variety of unusual objects in their backyard, causing it to resemble a junkyard. The question is not whether the Plaintiff's activities *actually* created an emergency, but whether a reasonable official could have perceived one. We therefore need not resolve the contested questions of fact the district court identified to conclude that, even assuming *arguendo* that all such questions are resolved in Plaintiffs' favor, a reasonable official could have concluded that Plaintiffs' activities posed an urgent threat to the community and, as a result, that action under the relevant provision of the anti-blight ordinance was appropriate.

4

We have considered Plaintiffs' remaining arguments and find them to be without merit. Accordingly, the order of the district court is **REVERSED** in part, and the case is **REMANDED** to the district court with instructions to enter judgment for Galligan.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5